IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY HERNANDEZ,

    Plaintiff,                              CV F 06 0810 OWW WMW PC

    vs.                                    ORDER DISMISSING COMPLAINT
                                          WITH LEAVE TO
                                          FILE AN AMENDED COMPLAINT

                                          (THIRTY DAY DEADLINE)

K. MENDOZA-POWERS, et al.,

    Defendants.

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Avenal State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Avenal State Prison.

    Plaintiff's statement of claim, in its entiretym is that "I have court granted permission to have family visits with my wife. CDC and Ms. Hoyt refuse to follow court issued orders.

    The Due Process Clause does not guarantee a right of unfettered visitation. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Keenan v. Hall, 83 F.3d

1083, 1092 (9th Cir. 1996).   In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law. <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983).  "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' and therefore is not independently protected by the Due Process Clause." <u>Kentucky Dep't of Corr.</u>, 490 U.S. at 460 (quoting <u>Hewitt</u>, 459 U.S. at 468).  With respect to whether plaintiff has a liberty interest arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Id</u>. at 484.

     To the extent that Plaintiff is seeking enforcement of a court order, Plaintiff's remedy is to file a request with the court that entered the order.  As to Plaintiff's claim that his civil rights were violated, the court finds the allegations in plaintiff's complaint vague and conclusory.   The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

1  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
2  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
3  there is some affirmative link or connection between a defendant's actions and the claimed
4  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
5  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6          In addition, plaintiff is informed that the court cannot refer to a prior pleading in
7  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
8  amended complaint be complete in itself without reference to any prior pleading.  This is
9  because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux
10 v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
11 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
12 original complaint, each claim and the involvement of each defendant must be sufficiently
13 alleged.

14         In accordance with the above, IT IS HEREBY ORDERED that:

15         1.  Plaintiff's complaint is dismissed; and

16         2.  Plaintiff is granted thirty days from the date of service of this order to file a
17 first amended complaint that complies with the requirements of the Civil Rights Act, the Federal
18 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
19 docket number assigned this case and must be labeled "First Amended Complaint."  Failure to
20 file an amended complaint in accordance with this order will result in a recommendation that this
21 action be dismissed.

24 IT IS SO ORDERED.

25 **Dated:   April 17, 2008**              **/s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE

3